**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Luther Ernest HENDRIX,
Defendant-Appellant.**

**No. 73-2701
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1973.

---

1. For treatment and study pursuant to the provisions of Title 18, U.S.C., Chapter 311, Section 4208(b)

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

■ Luther Ernest Hendrix was convicted of violations of 26 U.S.C. § 5601(a)(1) and § 5601(a)(4) and 26 U.S.C. § 5686 and received a five year sentence on each count, sentences to run concurrently. On this appeal he alleges insufficiency of the evidence on all counts. However, the evidence, viewed most favorably to the government, is sufficient to sustain a conviction for violation of 26 U.S.C. § 5601(a)(4), carrying on the business of a distillery, "[a]n offense which is one of the most comprehensive of the criminal statutes designed to stop the production and sale of untaxed liquor." United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 12 L.Ed. 2d 658 (1965). We therefore affirm.

Testimony was adduced indicating that Hendrix was present continuously for two days at a house in a remote and rustic area of Georgia. An illicit still was located fifty yards behind the house concealed in sylvan surroundings. An electrical wire from the house fuse box was connected to a water pump in a nearby brook. The water pipe from the pump supplied the still. When the dogs barked and once when a truck passed, Hendrix would come out of the house and search the area surrounding it. The evening before his arrest, he was observed unloading twelve sixty-pound bales containing sacks of sugar from the trunk of a car and placing them in a shed near the house. The next day, after arresting Hendrix, the revenue officers discovered that the sugar was missing from the shed and that there were hand truck tracks leading from the shed to the still. Finally, the agents determined that sugar had recently been added to the mash in the still.

■ Reasonably minded jurors could have concluded that this evidence was

Gus L. Wood, Newnan, Ga., court appointed, for defendant-appellant.

sufficient to prove a violation of 26 U. S.C. § 5601(a)(4) beyond a reasonable doubt. Therefore, since concurrent sentences were imposed, we need not determine whether the evidence was sufficient to convict on the other counts.

Affirmed.